MARIA COOK AND IRVING COOK, HER HUSBAND, APPEL-
LEES, v. GEORGE VONDROAN AND EMMA VONDROAN,
APPELLANTS.

Submitted October 31, 1941—Decided January 29, 1942.

For the appellees, *Breslin & Breslin* (*John J. Breslin,* of counsel).

For the appellants, *Foley & Francis* (*Gerald T. Foley* and *John J. Francis,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment entered in favor of the plaintiff Maria Cook, for personal injuries, against the appellants-defendants in the Supreme Court following a jury trial in the Bergen Circuit. The jury returned verdicts of $8,000 in favor of Mrs. Cook and $1,000 for the plaintiff, Irving Cook, her husband, against the defendants, George Vondroan and Emma Vondroan.

The defendants obtained a rule to show cause why the verdicts should not be set aside and on the return day argued the weight of the evidence and that the damages assessed were excessive. The rule was discharged and this appeal from the judgment for Mrs. Cook is directed towards the alleged error of the trial judge in discharging that rule to show cause because (1) the refusal of the court to set aside the verdict as excessive constituted an abuse of discretion; (2) the exercise of a legal discretion required the court to find that the verdict

was excessive. Both of these grounds of appeal go to the same point, namely that the court below erred in the matter of discretion in not finding that the verdict of the jury was excessive.

The respondent contends that the trial court's action in discharging the rule was entirely justified on the facts in evidence. The main argument is that the action of the trial court, in discharging the rule to show cause, is not appealable, relying on such cases as *Flanigan* v. *Guggenheim Smelting Co.*, 63 *N. J. L.* 647; *Blum* v. *Parsons Manufacturing Co.*, 95 *Id.* 471; *Hickman* v. *Powell*, 99 *Id.* 274, as well as *Bocchiero* v. *Carrino*, 108 *Id.* 176; *Gee* v. *Moss*, 108 *Id.* 160; *Wasker* v. *G. R. Wood, Inc.*, 114 *Id.* 266; *McDermott* v. *Paterson*, 122 *Id.* 81, and *Heuser* v. *Rothenberg*, 123 *Id.* 319.

This question has been thoroughly discussed and the cases analyzed in an opinion written by Mr. Justice Case for this court in the case of *Nelson* v. *Eastern Air Lines*, 128 *N. J. L.* 46, decided this day. In that case it was decided that the alleged abuse of discretion, in order to be available on appeal, must be such as to "shock reason and justice, and it is only when these attributes clearly mark the disposition of a rule to show cause that there is an abuse of judicial discretion which calls for a modification of the rule expressed in the Nevelle case and like cases." *Vide Martin* v. *Lehigh Valley Railroad Co.*, 114 *Id.* 243; *Chiesa* v. *Public Service Co-ordinated Transport*, 128 *Id.* 69.

A reading of the testimony in this case convinces us that the action of the trial court, in discharging the rule to show cause, was an exercise of sound discretion and we find no abuse thereof.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.